# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| KENNETH JAMES, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Case No. 3:17-01153 |
| | )   Judge Aleta A. Trauger |
| TAVERN, | ) |
| | ) |
|     Defendant. | ) |

## MEMORANDUM & ORDER

Before the court is an Objection (Docket No. 16) to the magistrate judge's Report and Recommendation issued on June 15, 2018 (Docket No. 15), filed by pro se plaintiff Kenneth James. The magistrate judge recommends that James's defamation claim be dismissed. Tavern has filed a Response to James's Objection (Docket No. 19).

When a magistrate judge issues a Report and Recommendation regarding a dispositive pretrial matter, the district court must review *de novo* any portion of the report and recommendation to which an objection is made. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(C); *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001); *Massey v. City of Ferndale*, 7 F.3d 506, 510 (6th Cir. 1993). In conducting its review, the district court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

James brought suit against Tavern, where he was formerly employed as a prep cook, asserting three federal statutory claims and a state law defamation claim related to his June 2017 discharge. The magistrate judge dismissed two of the statutory claims after conducting an initial review of James's Complaint. Tavern then filed a Motion to Dismiss the remaining two claims (Docket No. 5), which was granted in part. The magistrate judge recommended denying the motion with respect to James's remaining statutory claim—for retaliation under the Americans

1

with Disabilities Act, 42 U.S.C. §§ 12101 *et seq.*—but recommended granting the motion with respect to the state law defamation claim. James objects to the recommendation to dismiss the defamation claim.

James worked at Tavern for approximately two months before being terminated. He asserts—and record evidence supports—that he was fired after preexisting diabetes and asthma conditions worsened, requiring hospitalization that forced him to miss work. Tavern contends that the firing was unrelated to his medical condition, but rather resulted from a sexual harassment complaint lodged by one of James's co-workers. James's claim for defamation stems from how Tavern handled the complaint. As the magistrate judge explained, the thrust of James's defamation claim "is essentially that [Tavern]'s agents knowingly repeated false statements about him that he sexually harassed a co-worker." (Docket No. 15 at 3.) Specifically, James alleges that Tavern's Human Resources Generalist questioned him about the complaint.

The magistrate judge properly applied governing Tennessee precedent and found that James fails to state a claim for defamation because the allegedly defamatory statements were not "published," an element of defamation under Tennessee law. The court noted, correctly, that "communication among agents of the same corporation made within the scope and course of their employment relative to duties performed for that corporation are not to be considered as statements communicated or publicized to third persons." (*Id.* (quoting *Woods v. Helmi.*, 758 S.W.2d 219 (Tenn. Ct. App. 1988).). James does not allege that Tavern had communicated the content of the sexual harassment complaint to anyone besides him or supervisory employees responsible for addressing it.

James objects on three grounds. First, he essentially restates his allegation that his supervisor falsely accused him of sexual harassment based on the complaint lodged by his co-worker, adding that this was a lie orchestrated by his co-worker to secure a promotion. James does not contest the magistrate judge's finding that Tavern did not publish the allegation of sexual

2

harassment. James alleges next that, in addition to the charges of sexual harassment, Tavern also defamed him by accusing him of discrimination against women and homosexuals. Again, he does not allege that Tavern published these charges or in any way communicated them to anyone outside the proper chain of command. Finally, James states that other cooks in the community have inquired about his time at Tavern and that at least one cook has specifically told James that "he heard [James] got fired for sexual harassment." (Docket No. 16 at 2.)

Of these new allegations, only one was raised in James's Complaint: the alleged defamatory charge by Tavern's Human Resources Generalist that James made a discriminatory statement about homosexuals. The magistrate judge did not consider this fact in recommending dismissal of James's claim. However, as previously noted, James has not pled in his Complaint or Objection that Tavern published this defamatory statement to anyone besides James and his supervisors. James therefore fails to state a claim for defamation on this ground. The allegations comprising James's other objections were not before the magistrate judge, and thus cannot be considered at this stage. "Although [28 U.S.C. § 636(b)(1)] requires this [c]ourt to review objections [*de novo*], it does not allow parties to raise, in their objections, new arguments or issues that were not presented to the magistrate." *Kinder v. Nw. Bank*, No. 1:10-CV-405, 2012 WL 2886701, at *1 (W.D. Mich. July 13, 2012) (citing *Murr v. United States*, 200 F.3d 895, 902 n. 1 (6th Cir. 2000); *see also Ridenour v. Boehringer Ingelheim Pharms., Inc*., 679 F.3d 1062, 1067 (8th Cir. 2012) (explaining that the "'purpose of referring cases to a magistrate for recommended disposition would be contravened if parties were allowed to present only selected issues to the magistrate, reserving their full panoply of contentions for the trial court.'").

Moreover, the allegations in James's objections would fail to establish defamation even if properly presented to the magistrate judge because James does not plead the essential element of publication. Most troubling of the new allegations is James's assertion that a peer told him he had heard James was fired for sexual harassment. But James does not allege that Tavern, or any of its

supervisory employees, told those cooks or anyone else why he was terminated. He does not allege that the cook who asked about sexual harassment obtained information about James's firing from any representatives of Tavern. He simply states that a member of his professional community relayed a rumor and asked if it was true. "'Publication' is a term of art meaning the communication of defamatory matter to a third person." *Sullivan v. Baptist Mem'l Hosp.*, 995 S.W.2d 569, 571 (Tenn. 1999). James does not allege that Tavern communicated defamatory material to anyone besides supervisory employees. Even if James had included these allegations in his Complaint, he would fail to state a claim for defamation because he does not allege, even in his objection, that Tavern representatives published the alleged defamatory statements.

For these reasons, James's objections are **OVERRULED**, and the Report and Recommendation is **ACCEPTED** and made the findings of fact and conclusions of law of this court. For the reasons expressed therein and herein, it is hereby **ORDERED** that the Defendants' Motion to Dismiss is **GRANTED in part**, and James's defamation claim is **DISMISSED without prejudice**. James is free to amend his Complaint if he knows additional facts that could state a plausible claim for defamation.

It is so ORDERED.

ENTER this 16th day of July 2018.

_____
ALETA A. TRAUGER
United States District Judge