# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE (NASHVILLE)

DANIEL SMITH,
        Plaintiff,

vs.

TRANS UNION, LLC and
GRANITE BAY ACCEPTANCE INC.,
        Defendants.

CASE NO.  3:19-cv-00439

Judge William L. Campbell, Jr.
Magistrate Judge Joe B. Brown

JURY DEMAND

## CASE MANAGEMENT PLAN

**A. Status of Service of Process**

Defendant Trans Union[1] removed this action, which originally filed in Davidson County General Sessions Court, on May 23, 2019.

**B. Anticipated Challenges to Jurisdiction and Venue**

Plaintiff: None

Defendant: None anticipated.

**C. Responsive Pleadings**

Plaintiff filed an Amended Complaint on May 28, 2019.  Defendant filed an answer on June 6, 2019. Plaintiff has now filed an 2d amended complaint

**D. Basis on Which Jurisdiction of the Court is Invoked**

15 U.S.C. § 1681, *et seq.*  The Fair Credit Reporting Act;

28 U.S.C. § 1391(b).

**E. Parties' Theories of the Case and Claims and Defenses:**

---

[1] Trans Union is the only Defendant remaining, as Granite Bay Acceptance, Inc. is no longer a party to this action, as all claims against Granite Bay have been resolved.

1. Plaintiff's Theory and Claims

In Count I, Plaintiff asserts that Defendant Trans Union has willfully or, in the alternative, negligently provided his consumer credit information for an impermissible purpose, seven times, in violation of 15 U.S.C.§ 1681b. It's unknown for what purpose Granite Bay and National Debt Relief[2] requested the Plaintiff's report or what purpose was certified to Trans Union for that access. The Plaintiff did not receive an offer of credit or insurance, in connection to the inquiries that form the basis of this action, from either Granite Bay or National Debt Relief. Stated plainly, Trans Union provided the Plaintiff's consumer report, multiple times, without a permissible purpose as defined in the Fair Credit Reporting Act.

Plaintiff also asserts that Defendant Trans Union failed to have adequate procedures in place to prevent impermissible access of his consumer report in violation of 15 U.S.C. § 1681e(a).

Plaintiff also asserts that Defendant Trans Union improperly deleted 7 inquiries from his record in violation of 15 U.S.C. § 1681g(a)(5).

2. Defendant's Theory and Defenses

Plaintiff wrongly claims that Trans Union violated the Fair Credit Reporting Act by providing his consumer report to Granite Bay and National Debt Relief without a permissible purpose. But Trans Union needs only a "reason to believe" that a consumer's credit report is being requested for a permissible purpose. See FCRA § 1681b(a)(3).

Before providing consumer reports to entities like Granite Bay and National Debt Relief, Trans Union requires those companies to certify that they are accessing the consumer report for a permissible purpose. Courts have held that a CRA can assume a report is being accessed for a permissible purpose when the subscriber certifies such limited usage. Both Granite Bay and

---

[2] National Debt Relief is not a party to this action.

National Debt Relief made such a certification to Trans Union. Trans Union was therefore justified in believing that the inquiries were made for a permissible purpose, and thus cannot be liable.

In any event, Plaintiff does not allege that the presence of these inquiries on his consumer report caused any credit denials. Further, because both National Debt Relief and Granite Bay only made *promotional* inquiries on Plaintiff's file, they would have received extremely limited information – not a full report. And the inquiries would not have affected Plaintiff's credit score or been seen by anyone but Plaintiff.

### F. Significant Witnesses and Documents

1. Plaintiff will need discovery to identify the names of witnesses. They will likely be employees of the Defendant. Plaintiff will need discovery to identify documents generated between the Defendant and the entities that obtained said consumer reports, as well as Defendant's internal documents, manuals, and general mode of operation.

2. Defendant intends to take discovery on the basis and support for Plaintiff's claims, including liability, causation and damages. Defendant will soon propound written discovery to Plaintiff including interrogatories, requests for production and requests for admission. Trans Union anticipates taking Plaintiff's deposition. Trans Union further anticipates propounding third party discovery if necessary dependent on Plaintiff's claims regarding the permissiveness of his disputed inquiries and any alleged damages.

### G. Expert and Reports of Experts

1. The Plaintiff may utilize expert testimony to explain to the Jury the damages associated with the unlawful dissemination of his consumer information.

2. Defendant does not anticipate using an expert witness but reserves the right to do so.

**H. Issues**

1. Whether the Defendant Trans Union had a permissible purpose providing Plaintiff's consumer reports, multiple times, to Granite Bay Acceptance, Inc. and National Debt Relief;

2. Whether or not Defendant had adequate procedures in place to avoid providing Plaintiff's consumer report, multiple times, without a permissible purpose;

3. Plaintiff's alleged damages.

**I. Discovery**

All discovery will be completed by February 19, 2020, including the filing of any discovery related motions.

Plaintiff will make his Rule 26 expert disclosures on or before November 15, 2019. Defendant will make its expert disclosures on or before December 15, 2019.

Before filing any discovery related motion, the Parties will conduct a telephone call with me about the matter.

**J. Motions**

All dispositive motions must be filed by March 19, 2020. Responses to dispositive motions are due within twenty-eight days of filing. Any Reply, limited to 5 pages, will be due fourteen days after any Response.

**K. Settlement**

The parties have made preliminary efforts at settlement, but settlement is not likely at this early stage of the case.

A telephone conference call to discuss case progress and ADR is set for November 4, 2019, at 10:30 a.m. Parties will call (877) 873-8017 and enter code 1958322#.

**L. Other Pleadings and Deadlines for Filing**

Deadline for amending the pleadings is December 2, 2019.

**M. Trial**

The jury trial shall take 2 or at most 3 days and a trial date on or after August 18, 2020 is recommended.

SO ORDERED:


*/S/ Joe B. Brown*
Magistrate Judge Joe B. Brown