IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| KENNETH JAMES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | NO. 3:17-cv-01153 |
| v. | ) | NO JURY DEMAND |
| | ) | |
| TAVERN, | ) | JUDGE TRAUGER |
| | ) | MAGISTRATE JUDGE BROWN |
| Defendant. | ) | |

**ORDER**

A case management conference was held in this matter on September 4, 2019. The Defendant has filed a response (DE 34) to my Order (DE 12) directing them to provide further information to the Plaintiff.

Unfortunately, Defendant continues to use boilerplate objections including objection that the request is "unlikely to lead to discoverable evidence". This language was abolished from Rule 26 in the 2015 Amendment. The Rule specifically provides "information within this scope of discovery need not be admissible in evidence to be discoverable". Counsel should read the Rules Committees comments to the 2015 Amendment.

That being said, this time after the boilerplate objections, the Defendant did provide more meaningful answers.

During the hearing the Plaintiff raised two (2) issues one concerned the production of his time cards for the time he worked at the Defendant and the second whether there were any statements taken from witnesses who the Defendant alleges complained about his conduct.

Counsel will check with the Defendant and if such records or statements exist, they will be provided to the Plaintiff within the next seven (7) days.

Counsel for the Defendant advised during his deposition the Plaintiff had promised some documents and in discovery had responded information was not provided at that time.

The Plaintiff should within the next fourteen (14) days provide any information he promised during his deposition and should ensure if he has medical records, other employment records, he should provide them to the Defendant along with tax returns if they are available. Failure to produce such records may result. in serious harm to his case.

I also discussed with the parties the possibility of ADR, but at this point prior to a ruling on Summary Judgment it does not appear such a conference would be productive.

Given the delay over discovery the Plaintiff may have until October 2, 2019 to file a response to the Defendant's Motion for Summary Judgment (DE 27). In responding, the Plaintiff should consider the requirements for a response set forth in DE 21 and should also read Fed. R. Civ. P. 56 and Local Rule 56.

Finally, in reviewing the pleadings in this matter, it appears the Defendant has never actually filed a formal answer to the complaint. Defendant should file an Answer within the next fourteen (14) days. The trial date set by Judge Trauger remain as set.

SO, ORDERED.

/s/ Joe B. Brown_____
Joe B. Brown
United States Magistrate Judge