# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | | |
|---|---|---|
| **KENNETH JAMES,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:17-cv-01153** |
| | ) | **Judge Aleta A. Trauger** |
| **TAVERN,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM and ORDER

Before the court is *pro se* plaintiff Kenneth James' "Response to Summary Judgment Order" (Doc. No. 45), which the court construes as objections to the magistrate judge's Report and Recommendation ("R&R") (Doc. No. 44), recommending that the defendants' Motion for Summary Judgment (Doc. No. 27) be granted and that this action be dismissed. For the reasons set forth herein, the court will overrule the objections, grant the Motion for Summary Judgment, and dismiss this case.

## I.      Procedural Background

The plaintiff filed suit against defendant Tavern, his former employer, in August 2017, asserting claims under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601 *et seq.*, for retaliation; Title VII, 42 U.S.C. §§ 2000e et seq., ("Title VII") for race and sex discrimination; the Americans with Disabilities Act Amendments Act of 2008 ("ADA"), 42 U.S.C. §§ 12101 *et seq.*, for retaliation; and a state law claim for defamation. (Doc. No. 1.) Because the plaintiff was granted leave to pursue his case *in forma pauperis*, the court conducted an initial review of the Complaint. (Doc. Nos. 3.) The plaintiff's claims under FMLA and Title

VII were dismissed on initial review, but the court found that the Complaint stated colorable claims for ADA retaliation and for defamation that were allowed to proceed at that time. The case was referred to the magistrate judge to enter a scheduling order for the management of the case and to dispose or recommend disposition of any pretrial motions under 28 U.S.C. § 636(b)(1). (Doc. No. 3.)

The defendant's subsequent Motion to Dismiss those claims was granted in part and denied in part. Specifically, the state law defamation claim was dismissed, but the ADA retaliation claim was not dismissed. (Doc. No. 20.)

The magistrate judge entered a Scheduling Order (Doc. No. 21), and the parties conducted discovery relating to the still-pending ADA retaliation claim. On August 16, 2019, the defendant filed its Motion for Summary Judgment, supported by a Memorandum of Law and Statement of Undisputed Fact. (Doc. Nos. 27–29.) The plaintiff did not file a proper response to the defendant's Motion for Summary Judgment or Statement of Undisputed Facts, despite having been given additional time to do so and despite having been instructed by the magistrate judge during a case management conference in early September 2019 to review the requirements set forth in the Scheduling Order[1] and to read Rule 56 of the Federal Rules of Civil Procedure as well as Rule 56 of this court's Local Rules.

Instead, the plaintiff submitted his own "Memorandum of Law in Support of Its [sic] Motion for Summary Judgement [sic]," which stated on its face the plaintiff's intent to move for summary judgment and was attached to what appear intended to be a supporting memorandum and evidentiary materials. (Doc. No. 39.) The plaintiff also filed a document styled "Plaintiff's

---

[1] The Scheduling Order specifically instructed the plaintiff that, in responding to a summary judgment motion, he must "show there is a material dispute of fact with citation to the record, affidavits or other matter of evidence" and that the plaintiff "should read and comply with Federal Rule of Civil Procedure 56 and Local Rule LR 56.01(a)." (Doc. No. 21, at 4.)

Statement of Undisputed Material Facts in Sup[p]ort of Its Motion for Summary Judgement."
(Doc. No. 38.) The Statement contains a list of "facts," but the Statement is not compliant with
Local Rule 56, in particular because the factual statements are not supported by reference to the
factual record.

The defendant filed a Motion to Strike the plaintiff's "Statement of Undisputed Material
Facts" and "Memorandum of Law" insofar as they constitute an untimely motion for summary
judgment. (Doc. No. 40.) The R&R recommends granting the Motion to Strike on the grounds
that the plaintiff's dispositive motion is untimely and failed to comply with the Local Rules or
the Federal Rules of Civil Procedure. It also recommends denying as moot the defendant's
Motion to Stay Response (Doc. No. 42), which requested that the deadline for responding to the
plaintiff's dispositive motion be stayed pending a ruling on its Motion to Strike.

The magistrate judge, however, generously chose to construe the plaintiff's filings as his
response to the defendant's Motion for Summary Judgment. Because the plaintiff did not
properly respond to the defendant's Statement of Undisputed Facts, the magistrate judge deemed
those facts to be unopposed. Based on the undisputed facts presented by the defendant and
supported by the evidentiary record, the magistrate judge recommends granting summary
judgment on the plaintiff's ADA retaliation claim on the grounds that: (1) the plaintiff never
requested an accommodation and therefore did not engage in activity protected by the ADA; (2)
the plaintiff failed to present evidence of a causal connection between any alleged request for an
accommodation and his termination; and (3) the defendant established a legitimate, non-
discriminatory reason for the plaintiff's termination, namely his failure to cooperate in an
investigation into allegations that he had sexually harassed another employee.

The R&R notified the parties that they had fourteen days to file written objections to the

R&R. (Doc. No. 44, at 16–17.) It also stated that the "[f]ailure to file specific objections" to the R&R within fourteen days might constitute waiver of further appeal. (*Id.* at 17.)

The plaintiff's construed objections are timely, but they are vague and conclusory. The plaintiff does not take issue with any specific factual finding or legal conclusion in the R&R. Instead, he asserts that the defendant "has not proven harassment charges" and that it "manipulated another employee to say Mr. James committed multiple harassment charges" with the intent to fire him "under false pretense." (Doc. No. 45, at 1–3.) He argues repeatedly that he is "poorly educated" and suggests that that fact is the "only thing the defendant has in their favor." (*Id.* at 2.) He complains generally that the court waited until less than sixty days before trial to rule on the summary judgment motion and that it should not have let the matter "go[] on this long" if "the courts already knew that the plaintiff Mr. James never had a chance to win." (*Id.*)

## II.     Standard of Review

Within fourteen days after being served with a report and recommendation any "party may serve and file *specific* written objections to [a magistrate judge's] proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2) (emphasis added). The district court must review *de novo* any portion of the report and recommendation "that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1). In conducting its review, the district court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1).

The district court is not required to review—under a *de novo* or any other standard—those aspects of the report and recommendation to which no objection is made. *Thomas v. Arn,*

474 U.S. 140, 150 (1985). The district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed. *Id.* at 151. Moreover, "[t]he filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001) (*see also Langley v. DaimlerChrysler Corp.*, 502 F.3d 475, 483 (6th Cir. 2007) (issues raised in a "perfunctory manner, unaccompanied by some effort at developed argumentation," are waived (quoting *Indeck Energy Servs., Inc. v. Consumers Energy Co.*, 250 F.3d 972, 979 (6th Cir. 2000))). Likewise, "[a] general objection to the entirety of the magistrate's report has the same effects as would a failure to object." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Finally, arguments made in an objection to a magistrate judge's report and recommendation that were not first presented to the magistrate judge for consideration are deemed waived. *Becker v. Clermont Cty. Prosecutor*, 450 F. App'x 438, 439 (6th Cir. 2011); *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000).

### III.     Analysis

Although *pro se* pleadings and filings are held to less stringent standards than those drafted by lawyers, *see, e.g.*, *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), *pro se* litigants are not entirely exempt from the requirements of the Federal Rules of Civil Procedure. *See, e.g.*, *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). The plaintiff's failure to respond substantively to the arguments made in the Motion for Summary Judgment and his failure to lodge clear, specific objections to the R&R are not absolved by his *pro se* status or his lack of education.

In short, the objections in this case are not sufficiently specific to warrant *de novo* review. *Langley*, 502 F.3d at 483; *Cole*, 7 F. App'x at 356; *Howard*, 932 F.2d at 509. The court has

nonetheless reviewed the entire record *de novo*, including the excerpts from the plaintiff's deposition transcript, the affidavits submitted by the defendant, and the material submitted by the plaintiff, which includes various unsworn statements. Based on the totality of the evidence in the record, the court agrees with the magistrate judge's findings and conclusions in their entirety. Specifically, the court finds that the plaintiff has failed to meet his burden of presenting sufficient evidence to establish that he requested an accommodation under the ADA or was terminated in retaliation for requesting a reasonable accommodation under the ADA. The defendant proffered a legitimate, non-discriminatory reason for its actions, namely that the plaintiff failed to cooperate with the defendant's investigation into allegations that the plaintiff had sexually harassed another employee. The plaintiff vigorously disputes the allegations that he engaged in sexual harassment, but he offers no evidence to call into question the undisputed facts showing that he failed to cooperate in the employer's investigation into those allegations. Thus, although the R&R did not specifically address this issue, the court finds that the plaintiff failed to provide any facts or argument to rebut the defendant's legitimate, non-discriminatory reason for the plaintiff's termination.

## IV.     Conclusion and Order

The plaintiff did not object to the recommendation that the defendant's Motion to Strike be granted. That recommendation is **ACCEPTED** in its entirety, and the Motion to Strike (Doc. No. 40) is **GRANTED**.

Neither party objected to that portion of the R&R recommending that the defendant's Motion to Stay be denied as moot. That recommendation, too, is **ACCEPTED**, and the Motion to Stay (Doc. No. 42) is **DENIED AS MOOT**.

The plaintiff's objections (Doc. No. 45) to the recommendation that the defendant's

Motion for Summary Judgment be granted are **OVERRULED**. The R&R's findings and conclusions are **ACCEPTED** in their entirety, subject only to the modification that the court also finds that the plaintiff failed to rebut the defendant's legitimate, non-discriminatory reason for the plaintiff's termination. The defendants' Motion for Summary Judgment (Doc. No. 27) is **GRANTED**, and this case is **DISMISSED WITH PREJUDICE**.

It is so **ORDERED**.

This is the final order in this case. The Clerk is **DIRECTED** to enter judgment. Fed. R. Civ. P. 58.

ALETA A. TRAUGER
United States District Judge